IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **PRUVIT VENTURES, INC.** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:23cv00867-SDJ |
| § | |
| **HAYLEY WITTE** § | |
| § | |
| § | |
| *Defendants*. § | |

## AGREED PERMANENT INJUNCTION AND FINAL JUDGMENT

Pending before the Court is Plaintiff Pruvit Ventures, Inc. ("Pruvit" or "Plaintiff") and Defendant Hayley Witte ("Witte" or "Defendant") Joint Application for Entry of Agreed Permanent Injunction. Parties have advised the Court that they request the Court enter the following Agreed Permanent Injunction (the "Order") have fully and completely consented to and agreed to be bound by this Order,[1] and have reached a settlement in this case.

After considering the application, the record, the relevant authorities, and in light of the agreement of the parties, the Court finds that there is good cause to grant this Order. The Court further finds that Pruvit is entitled to the Agreed Permanent Injunction in this matter, hereby makes all necessary findings to support the entry of this Order, and the parties hereto waive any other findings or procedural requirements necessary to support entry of this Order.

For purposes of this Order, the below referenced terms are defined as follows: Witte shall be defined as including herself in her individual capacity and any agent acting both on her behalf and at her direction, as it relates to the terms of this Order. Pruvit shall be defined as its agents,

---

[1] The parties have stipulated, and the Court now finds, that all parties enjoined by this Order have waived all rights to seek judicial review or otherwise challenge or contest the validity of this Order, whether directly or collaterally.

employees, consultants, attorneys, representatives, affiliates, entities, successors, and assigns, and any and all other persons and entities under their control and/or direction or acting in active concert and participation with them. This definition specifically excludes Pruvit's independent distributors commonly known as Pruvers.

Based on the Parties' agreement and the Court's findings, it is **ORDERED** as follows**:**

Witte is enjoined and restrained, both directly and indirectly, from engaging in any of the following:

1. Through July 27, 2024, Witte is restrained from knowingly inducing any existing customer of Pruvit to terminate his/her/its business relationship with Pruvit, including requesting that customer to promote Witte's 7 Figure Accelerator business or Witte's other non-Pruvit business on his/her/its social media and/or networking sites that he/she/it uses to promote Pruvit's products or services.

2. Through July 27, 2024, Witte is restrained from knowingly inducing any existing promoter of Pruvit to terminate his/her/its business relationship with Pruvit, including requesting that promoter to promote Witte's 7 Figure Accelerator business or Witte's other non-Pruvit business on his/her/its social media and networking sites that he/she/it uses to promote Pruvit's products or services;

3. Knowingly inducing any existing promoter of Pruvit to violate or breach the terms of his/her/its business relationship with Pruvit; and

4. Through July 27, 2024, Witte is restrained from directly or indirectly recruiting any other Pruvit promoters and customers, of which she had a previous relationship with, for any other direct sales, multi-level marketing or network marketing business. This restriction does not apply to an affiliate program that does not satisfy the definition of a network marketing and/or direct sales company under the Pruvit Policies & Procedures, which states that such companies are defined as "[a]ny multi-level marketing, direct sales, network marketing, affiliate marketing, or other business opportunity or program with a multi-tier (i.e., more than one (1) level) commission structure and/or other inventive to refer, recruit, sponsor and/or enroll participants in that opportunity or program." Moreover, for purposes of this provision, "recruiting" does not include responding to inquiries that were first initiated by the customer/promoter, or communications with those individuals who desire to join another opportunity without any recruiting efforts or initial contact by Witte, or a third party instructed by Witte to recruit such person(s).

If Pruvit believes that there has been a violation of any of the injunctive provisions above, then Pruvit shall provide written Notice to Witte. Notice shall be provided to Wellman & Warren, LLP, at email addresses cwellman@w-wlaw.com and hfrljuckic@w-wlaw.com, and to Conley Rosenberg & Mendez PC, at email addresses pjc@crm-lawfirm.com and jmr@crm-lawfirm.com. Witte will then have seven (7) days from receipt of the Notice to cure the alleged violation ("Cure Period"), to the extent cure is possible.

Other than the injunctive relief granted hereby, the Court **ORDERS** that any other claims by and between the parties are **DISMISSED WITH PREJUDICE** and this case closed.

The Court further **ORDERS** that it shall retain jurisdiction over this matter solely to enforce this Order, hold contempt and other proceedings to enforce this Order, and to issue any relief the Court deems appropriate should any of the parties violate this Order.

This Final Judgment and Agreed Permanent Injunction shall be entered as a final judgment under Federal Rule of Civil Procedure 54 and 58(a).

**So ORDERED and SIGNED this 3rd day of February, 2024.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

**AGREED AS TO FORM AND SUBSTANCE
AND ENTRY REQUESTED:**


*/s/ Kelly E. Kleist*_____
**BYRON K. HENRY
KELLY E. KLEIST**
*Attorney for Plaintiff*


*/s/ Chris Wellman (with permission)*
**CHRIS WELLMAN**
*Attorney for Defendant*